IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CAUSE NO. 4:19-CR-78-SA-JMV

CYRUS MALIK SMITH  DEFENDANT

ORDER

Cyrus Malik Smith is awaiting trial on a two count Indictment [17] for allegedly conspiring to kill an officer of an agency of the United States Government in violation of Federal law. Trial was continued and reset for November 4, 2019. *See* Notice of Trial [39]. Presently before the Court is the Government's Motion to Withhold Jencks Material [25].

In its motion, the Government requests permission to withhold information relating to the identity of witnesses it intends to call at trial. The Government states that it "has reason to believe, based upon information recently obtained, that the defendant and his associates are attempting to discover the names of potential witnesses in this matter, and that their interest in learning the identities of the witnesses is more than mere trial preparation." *See* Defendant's Motion [25]. In response, the Defendant argues that the Court should not excuse the Government from the production requirement. Assuming there are legitimate concerns, defense counsel acknowledges his obligations in retaining the statements and not providing copies to the Defendant.

The Defendant also argues that allowing the Government to withhold Jencks Material would prejudice the Defendant's case by not allowing sufficient time to formulate an adequate defense prior to trial. Such prejudice, according to the Defendant, would develop a need to request a continuance during trial.

*Analysis and Discussion*

The Magistrate Judge assigned to this case entered a Scheduling Order [20] requiring the Government to provide all statements of prospective witnesses to the Defendant at least seven days before trial. *See* Scheduling Order [20]; *citing* 18 U.S.C. § 3500(e) and FED. R. CRIM. P. 26.2. The Government now seeks to be excused from that requirement. The Defendant objects.

A dispute regarding the disclosure of Jencks material is "a matter to be decided by the trial court, and, like all questions regarding discovery under the Jencks Act, the trial court's determination will not be overturned unless it is clearly erroneous." *United States v. Judon*, 581 F.2d 553, 554 (5th Cir. 1978); *citing United States v. Hodges*, 556 F.2d 366, 368 (5th Cir. 1977). The purpose of the production requirement is to afford the defendant adequate time and resources to develop a defense and to prepare for potential impeachments during trial. *See Jencks v. United States*, 353 U.S. 657, 77 S. Ct. 1007, 1 L. Ed. 2d 1103 (1957). According to the Government, the prospective witnesses are expected to corroborate the Defendant's alleged confession to the crime—a central issue pertinent to the Government's case-in-chief. Because the proposed testimony is germane to the Government's case-in-chief, withholding it until the night before trial, as suggested by the Government, would have a prejudicial effect on the Defendant's ability to develop a defense prior to trial.

Weighing the Government's safety concerns against the necessary production of the Government's prospective witness statements, the Court parts with the Scheduling Order's production requirement. The Court orders the Government to provide unredacted copies of the Jencks material to the Defendant on November 17, 2019, no later than 2:00 p.m. The Court extends the plea agreement deadline to November 19, 2019, no later than 2:00 p.m.

*Conclusion*

For all the reasons discussed above, the Government's Motion is GRANTED but not to the extent requested. The Government is ordered to comply with the Court's amended production instructions.

SO ORDERED this, the 25th day of October, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT