IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                          CRIMINAL NO.: 4:19-CR-78-SA-JMV

CYRUS MALIK SMITH                                                              DEFENDANT

ORDER

Cyrus Malik Smith is charged in a two count Indictment [17] for allegedly aiding, abetting, and conspiring to kill an officer of a government agency. Smith's trial is scheduled for November 20, 2019. During its case-in-chief, the Government intends to call Greenville Police Chief Delando Wilson. The Government now petitions the Court in its Motion in Limine [53] to limit the Defendant's cross examination of Wilson by excluding any reference to Judge Debra Brown's ruling in *U.S. v. Chaddwick Wilson*. *See* Cause Number 4:19-CR-58-DMB.

In *U.S. v. Chaddwick Wilson*, Wilson testified as a key witness in a suppression hearing that while he and the Assistant Chief were patrolling the area, they observed a white Chevrolet traveling two car lengths in front of their patrol car. Wilson further testified that they both smelled a strong odor of marijuana that they believed was coming from that defendant's automobile. They initiated a traffic stop based solely on the smell of marijuana and arrested the driver. After hearing testimony during the suppression hearing, the District Court suppressed all evidence and found that

> . . . apart from the officers' implicit beliefs in their abilities to not only smell unburned marijuana at approximately twenty feet through what amounts to at least three layers of glass but to detect changes in strength based upon minor gradations in distance over a short period of time, there is no evidence such feat is possible. The court finds the story implausible on its face and, therefore, declines to credit the officer's testimony.

Judge Brown ruled that the search and seizure was unconstitutional and refused to accept Wilson's testimony as credible. The Government anticipates that the Defendant will attempt to use the circumstances, Wilson's testimony, and Judge Brown's ruling to impeach Wilson's character during cross-examination in the trial of the instant case.

In its Motion [53], the Government did not cite a rule of evidence as the basis for its request. It did, however, submit that Judge Brown's prior ruling is not relevant. The Court assumes that the Government argues pursuant Rule 401 of the Federal Rules of Evidence.

"Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." FED. R. EVI. 401. The Government argues that Judge Brown's ruling is not relevant for two reasons: (1) Wilson's testimony concerned a subjective opinion, rather than an objective fact that could be proven or disproven, and (2) Judge Brown did not impugn Wilson's credibility. The Defendant argues that the evidence is relevant and that he should be able to introduce Wilson's former testimony in order for the fact-finders to properly assess the credibility of the witness and his propensity for offering false testimony.

Wilson's prior unconstitutional traffic stop in *U.S. v. Chaddwick Wilson* is not relevant to Smith's guilt or innocence in this case. It is relevant, however, to the Officer's professional or personal credibility and as the Defendant correctly acknowledged would aid the fact-finder in properly assessing the credibility of the Witness. Although the Government asks the Court to limit the Defendant's cross-examination, the Court acknowledges the importance of cross-examination as a tool to impeach the witness. In, *Davis v. Alaska* the Supreme Court wrote,

> Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested . . . . Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only

2

> permitted to delve into the witness' story to test the witness' perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit, the witness. . . . A more particular attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudices, or ulterior motives as the witness as they may relate directly to issues or personalities.

*Davis v. Alaska*, 415 U.S. 308, 316, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974).

Depending on the case ultimately presented at trial, the Court reserves the right to revisit this ruling if necessary.

For all of these reasons, the Government's Motion in Limine [53] is DENIED.

SO ORDERED, this the 18th day of November, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE