IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                          CAUSE NO. 4:19-CR-78-SA-JMV

CYRUS MALIK SMITH                                                          DEFENDANT

ORDER

Cyrus Smith filed a Motion in Limine [55] on October 25, 2019, asking the Court to limit the Government's use of a photo and two videos at trial. In addition, the Defendant requests the sequestration of Agent Niedzwecki, a Government witness, pursuant to Rule 615 of the Federal Rules of Evidence. The issues are fully briefed and ripe for review.

*Analysis and Discussion*

I.   *Exclusion of Videos*

The Defendant anticipates that the Government will attempt to introduce two videos during its case-in-chief, neither of which involves the Defendant. One video is a rap video entitled "Pressure" recorded by "Kevo", an alleged associate of the Defendant. The second is a video of Kevo wearing ski mask, holding money and a teddy bear. The videos were not submitted for the Court's review. The Defendant asserts that both videos were posted several months after the alleged incident occurred; and because these videos do not involve or relate to the alleged conduct of the Defendant, the probative value of these videos is substantially outweighed by the danger of unfair prejudice pursuant to Rule 403 of the Federal Rules of Evidence. Also, the Defendant argues that the videos are improper character evidence under Rule 404(b)(1), designed to persuade the jury that Smith was a gang member with the propensity to possess firearms and act violently.

In response, the Government concedes that the videos are prejudicial but may be useful for impeachment purposes on cross-examination. The Government asks the Court to withhold ruling on the admissibility of the videos until it attempts to make use of them during trial.

Based on the Government's concession, the Court grants the Defendant's request to exclude the use of the two videos discussed above in the Government's case-in-chief. The Court reserves ruling on the admissibility of the videos for impeachment purposes but will rule on their admissibility if and when the Government attempts to introduce them for that limited purpose. The parties should seek a ruling from the Court during trial before any attempt to introduce the videos for impeachment purposes.

## II.   *Exclusion of Photos*

The Defendant anticipates the Government to introduce a photograph of the Defendant and Kevo flashing gang signs while the Defendant holds a semi-automatic weapon. The photo, which is attached to the Government's Response [67-1], was allegedly posted ten weeks *after* the alleged offense occurred. As a result, the Defendant argues that the photos are inadmissible and are not relevant under Rule 404(b) for the following reasons: (1) the gun in the photo is not the gun that the Government claims the Defendant used in the incident in question; (2) the Government admits that the gun is owned by Romeo Lynch, not the Defendant; and (3) the photos are inadmissible character evidence designed to inflame the jury's opinion of the Defendant.

The Government responds that while the photo is not direct evidence of the crime charged, it is admissible to show opportunity, intent, preparation, and plan pursuant to Rule 404(b).

Rule 404(b) carves out an exception for otherwise inadmissible character evidence. It states, "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R.

EVI. 404(b)(2). Based on the Court's reading, 404(b)(2) allows evidence for the purposes of offering context in the event the parties dispute key facts at trial, such as the identity of a defendant, knowledge, absence of mistake, or to make clear the Defendant's state of mind prior to the incident in question by showing motive, opportunity, intent, preparation, plan, or knowledge. The Government argues that this exception should apply. Logically speaking, there is little to no way a picture taken or posted *after* the alleged event in question can shed light on the Defendant's opportunity, intent, preparation, or plan.

However, the Court is inclined to reserve ruling on this request because the relevance and purpose for offering this evidence may become more apparent if the Government is given an opportunity to lay a proper foundation at trial. The parties are instructed to either proffer the foundation for the photo's admissibility during pre-trial proceedings or provide appropriate notice to the Court before the foundation or evidence is introduced at trial.

## III.     *Exclusion of Agent Niedzwecki*

The Defendant asks the Court to exclude Agent Niedzwecki from the courtroom during Officer Delando Wilson's testimony pursuant to Rule 615 of the Federal Rules of Evidence. The Government stated that it intends to call Agent Niedzwecki first and thus the Defendant's fear that Agent Niedzwecki will tailor his testimony to that of Officer Wilson is a moot issue. The Defendant's request is denied. The Court reserves the right to amend its ruling should the order of the Government's witnesses change at trial.

## *Conclusion*

For all of these reasons, the Defendant's Motion in Limine [55] is GRANTED in part and DENIED in part. The Court grants the Defendant's request to exclude the videos discussed above. The Court denies the Defendant's request to exclude Agent Niedzwecki from the courtroom during

Officer Wilson's testimony. The Court reserves ruling on the admissibility of the photo [67-1]. Depending on the case ultimately presented at trial, the Court reserves the right to revisit this ruling if necessary.

SO ORDERED this, the 18th day of November, 2019.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE